214 A.2d 194.

MORRIS BUDNICK *vs.* MARLIN LEE WHITNEY.

IDA BUDNICK *vs.* MARLIN LEE WHITNEY.

NOVEMBER 4, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

ROBERTS, J. These actions of trespass on the case for negligence were brought by the plaintiff Ida Budnick to recover damages for injuries alleged to have been sustained as a result of an automobile collision and by her husband, Mor-

ris Budnick, for consequential damages sustained by him as a result thereof. After a trial to a justice of the superior court sitting with a jury, a verdict in each case was returned for the defendant. The plaintiff's motion for a new trial in each case was thereafter denied by the trial justice, and the cases are before this court on exceptions taken to that ruling. Since the husband's case is necessarily dependent upon that of his wife, we shall hereinafter consider only the wife's case, but our conclusion will apply to and be dispositive of both bills of exceptions before us.

It appears from the evidence that the collision under consideration occurred while plaintiff was backing a motor vehicle from an angle parking space into a traffic lane on Broadway, a main thoroughfare in downtown Newport. It is not disputed that plaintiff had backed her automobile into the traffic lane to a point from which she could see defendant's car, some distance away, moving toward her. At this time, the evidence indicates, she stopped the backward movement of her vehicle to await the passing of defendant's car, and immediately thereafter the vehicles came into collision.

The plaintiff, as we understand her, is not arguing that the trial justice failed to pass upon the weight of the evidence and the credibility of witnesses in an exercise of his independent judgment. Rather, she claims that he was clearly wrong in so doing in that he misconceived the probative force of the evidence and on the basis of these misconceptions concluded that plaintiff was guilty of contributory negligence as a matter of law. The burden is on the plaintiff to establish that the trial justice was clearly wrong. *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305.

We are unable to agree with plaintiff's contention that the trial justice, in denying the motion for a new trial, rested that ruling on a finding of plaintiff's contributory negligence as a matter of law. It is clear from an examination of his decision as set out in the transcript that he was

designating with particularity certain items of evidence that had been before the jury for its determination in the first instance on the question of weight and credibility. He concluded therefrom that the jury had properly found on that evidence that plaintiff was negligent in the operation of her motor vehicle at the time in question. He clearly approved the verdict of the jury on the basis of the evidence that had been put before it during trial, none of which he rejected as being for any reason without probative force. In so doing, in our opinion, he discharged without error the duty imposed upon him by a motion for new trial.

The instant case presents a fundamental situation arising out of a motion for new trial. The judge had seen and heard the witnesses as they testified and, taking that testimony, he clearly was of the opinion that it preponderated in favor of a finding of contributory negligence on the part of the plaintiff and, therefore, responded truly to the merits of the controversy. It is well settled that in these circumstances the jury's verdict is entitled to weight and that it must not be set aside upon a mere doubt as to its correctness, with the judgment of the trial justice being substituted, in the circumstances, for that of the jury. *Colgan* v. *United Electric Rys.*, 62 R. I. 184. A new trial is not to be ordered merely because evidence adduced does not overwhelmingly preponderate in favor of the verdict returned by the jury. *Hovas* v. *Cirigliano*, 70 R. I. 227.

In each case all of the exceptions of the plaintiff are overruled, and each case is remitted to the superior court for entry of judgment upon the verdict.

*Macioci and Morrison, Ralph D. Morrison,* for plaintiffs.

*Sheffield & Harvey, Ray H. Durfee,* for defendant.